CHARLES B. LENTELL *vs.* BOSTON AND WORCESTER STREET
RAILWAY COMPANY.

Middlesex.   December 2, 1904. — March 2, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Constitutional Law.   Boston and Worcester Street Railway Company.   Equity
Jurisdiction.*

By St. 1903, c. 163, the Boston and Worcester Street Railway Company was au-
thorized to construct and maintain a wooden trestle over and across the tracks
of the Boston and Albany Railroad on Boylston Street in Newton, which should
be discontinued and removed upon the completion of the work of the abolition
of the grade crossing of the tracks of that railroad with Boylston Street.
Section 3 is as follows: " The construction, maintenance and use of the said
trestle shall be deemed not to be an additional easement or servitude.   If any
person is legally damaged in his property by the construction, maintenance or use
of the said trestle the damages may be assessed by a jury of the Superior Court
upon proceedings conducted as provided with respect to the laying out of ways
in the city of Newton." *Held,* that the statute is constitutional, the section
quoted declaring that the trestle does not interfere with rights of property if
the Legislature can make such a declaration, or, if such a declaration cannot be
made constitutionally, that any person whose property rights are interfered with
shall have compensation.   *Held, also,* that the statute is not unconstitutional by
reason of failing to designate the person who is to pay the compensation found
to be due, as the statute must be construed to provide that in case damages are
suffered the compensation shall be paid by the railway company for whose benefit
alone the permission to construct the trestle is granted, and that the remedy of
the owner of property so damaged is exclusively under the statute and not by
a bill in equity.

BILL IN EQUITY, filed March 7, 1904, alleging that the de-
fendant, claiming authority under St. 1903, c. 163, had con-
structed a wooden trestle on Boylston Street in Newton over
which it operated its cars, greatly damaging and diminishing the
value of the plaintiff's land and dwelling houses on that street,
and alleging further that the statute was unconstitutional and
void and afforded the plaintiff no adequate remedy in damages,
praying that the defendant might be enjoined from maintaining
the trestle and might be ordered to remove it, and to pay to the
plaintiff his damages already sustained, and for further relief.

The defendant demurred, and the case came on to be heard
upon the bill and demurrer before *Lathrop,* J., who reserved it

for determination by the full court. If the demurrer should be sustained the bill was to be dismissed.

St. 1903, c. 163, is as follows:

" Section 1. The Boston and Worcester Street Railway Company is hereby empowered to construct and operate its street railway over and across the tracks of the Boston and Albany Railroad on Boylston Street in the city of Newton upon a wooden trestle, which it is hereby authorized to construct and maintain in said Boylston Street for that purpose, in conformity with plans to be submitted to and approved by the board of railroad commissioners. The use of said trestle shall be discontinued and said trestle removed upon the completion of the work of the abolition of the grade crossing of the tracks of said railroad with Boylston Street.

" Section 2. In constructing the said trestle a clear headroom of sixteen feet shall be provided over the top of the present tracks of the Boston and Albany Railroad, and the grade of the approaches to the crossing upon the trestle shall not exceed six and five tenths feet per one hundred feet.

" Section 3. The construction, maintenance and use of the said trestle shall be deemed not to be an additional easement or servitude. If any person is legally damaged in his property by the construction, maintenance or use of the said trestle the damages may be assessed by a jury of the Superior Court upon proceedings conducted as provided with respect to the laying out of ways in the city of Newton.

" Section 4. This act shall take effect upon its passage."

*W. D. Turner*, (*A. U. Hersey* with him,) for the plaintiff.

*G. W. Cox*, for the defendant.

LORING, J. We are of opinion that the plaintiff has mistaken his remedy. The trestle complained of having been erected under the specific authority of the Commonwealth is a legal structure unless the act authorizing it is unconstitutional. The plaintiff contends that the act is unconstitutional.

The first ground on which he seeks to support this contention is that although the trestle is in fact and in law an interference with the plaintiff's right of property, " it is difficult to perceive what damages could be assessed in accordance with the provisions of this statute; an assessment of the damage to the plain-

tiff's rights in the street of light, air and access is forbidden by the clause declaring that the construction, maintenance and use of the trestle 'shall be deemed not to be an additional easement or servitude.'" If the trestle does interfere with a right of property which the plaintiff had before the statute in question was enacted, this clause of the statute is void. But it does not follow (as the plaintiff has contended) that the whole act is thereby rendered invalid. We think that it was the intention of the Legislature to declare that the trestle did not interfere with the rights of property of any person, if such a declaration could be made by it; but that if such a declaration could not be made constitutionally, any person whose property rights were interfered with should have compensation.

The other ground on which the plaintiff contends that the act is unconstitutional is that the person is not ascertained who is to make payment of the compensation found to be due. And in this connection the plaintiff relies on *Bent* v. *Emery*, 173 Mass. 495. But that was a very different case. There the harbor and land commissioners had been authorized by St. 1898, c. 278, § 3, to dredge the flats in South Bay for the improvement of the channel, and acting under that act they had undertaken to remove from the flats belonging to the plaintiff a substantial quantity of earth. It is pointed out in *Bent* v. *Emery*, 173 Mass. 495, 497, that "the act of 1898, authorizing the changes, was passed on the petition of the Roxbury Central Wharf Company, the owner of adjoining wharves, which will be benefited by them." It is one thing to imply that the Commonwealth is to pay for an improvement which it is true is a public one but which was set in motion by a private individual who was to be benefited by it, and quite another thing to imply that it is the street railway company which is to make compensation, if any is due, for the trestle here in question. To construe the act in question authorizing the defendant railway to build the trestle in question across the tracks of the Boston and Albany Railroad on Boylston Street it is necessary to have in mind the law then existing as to a street railway constructing its tracks across the location of a steam railroad.

It could not build across a railroad location at grade without the consent of the railroad commissioners or of a special com-

mission appointed under R. L. c. 112, § 64.  See R. L. c. 112, § 63.  It could take land to enable it to cross above or below the tracks of the railroad if it procured the approval of the aldermen, if in a city, or of the selectmen, if in a town; and it could construct such a crossing on land so taken.  R. L. c. 112, §§ 65, 66, 67.  Finally, by R. L. c. 112, § 68, the aldermen of a city or the selectmen of a town were permitted to authorize structures partly or wholly within a public way necessary for carrying the street railway over or under the railroad.  From the fact that the defendant railway procured the passage of St. 1903, c. 163, and from the terms of that act, it must be assumed that this railway company found it impracticable to get its tracks across the Boston and Albany location where that location crossed Boylston Street in any of the ways authorized by the Revised Laws. It is manifest that a separation of grades of the railroad and highway at that point was expected to be made under the policy lately pursued by the Commonwealth with respect to grade crossings.  It was under these circumstances that the Legislature authorized the defendant railway to complete the construction of its tracks by the erection of the temporary trestle in question, carrying its railway over the Boston and Albany Railroad, on condition that it should be " removed upon the completion of the work of the abolition of the grade crossing of the tracks of said railroad with Boylston Street." This permission was granted to the defendant railway for its benefit and for the benefit of no one else, and, by necessary implication, if anything was to be paid it was to be paid by it. The provision that the compensation should be recovered " upon proceedings conducted as provided with respect to the laying out of ways in the city of Newton," was manifestly inserted to give to the plaintiff and persons similarly situated all the rights which he or they had in Boylston Street, which is a public way in the city of Newton, and for no other purpose.

The entry must be

*Bill dismissed.*